We'll start with 24-3013. United States v. Carlos Alberto Cuevas-Almonte. Good morning, sir. Good morning, your honors. Joseph Drews on behalf of the appellant, Carlos Cuevas-Almonte. I'd like to reserve five minutes for rebuttal. Sure. Your honors, in this case, the district court erred in three ways. First, it erred in denying the motion to declare the MDLAs any district provision unconstitutional. Second, it erred in failing to hold an evidentiary hearing on my client's Rule 12b venue motion. And third, it erred in concluding that duty was applicable and in doing so erred in failing to allow Let's assume you had a hearing. What would it look like? What would be the issues of fact that were disputed? The issues of fact in dispute is where my client was taken. It's my view that my client was taken after he was arrested, International Waters, south of Cabo Rojo, which is the southwest portion of Puerto Rico. Okay, but it's clear that he was in a boat that was in International Waters. Exactly. And that the boat had no invocations to nationality or registry in it. Agreed. Agreed. And so the court... That's it? Sure. Counsel. Okay. So what I anticipate the evidentiary hearing would show is that the Coast Guard, the diligence transferred my client to the Charles David. And I believe that happened, if not in the port of San Juan, very close to it because I believe at the same time, the diligence unloaded the cocaine and provided it to the DA in San Juan. And what difference would that make? Because then it would be within the territorial waters of Puerto Rico, if not Puerto Rico itself, if the Coast Guard cutters were actually docked at the port. And pursuant to the Title 33 regulation, I submit that that's the jurisdiction for Puerto Rico extending out 12 nautical miles. So in that case, it would have been within the District of Puerto Rico, which under my theory, under the general venue statute, the 3231, the venue should have been in Puerto Rico and not in the Virgin Islands. And I think this goes to my colleague's question. If he's not a stateless vessel when he's apprehended, and if the United States clearly has, the Congress clearly has the jurisdiction to criminalize, and maybe argue this, to criminalize conduct on the high seas, and I know there's a nexus argument that we can get into. So he's not a stateless vessel. Why wouldn't the United States have jurisdiction, as long as it's within sufficient reason to not create a due process problem? Would it matter whether it's the Virgin Islands or Puerto Rico? That I do not understand. Why would it matter? Because venue is, to use a common phrase, hardwired into the Constitution. It's stated in two places. And this court in Auermeyer, if I'm saying correctly, along with the Supreme Court case in Travis, talk about venue not only being important, but limiting the government's discretion, limiting to where the government can, at a whim, have a criminal defendant. Would you agree that there could be more than one place that would be appropriate for venue? This is from a conspiracy to transport drugs. And the conspiracy, the drugs are packaged in Ohio, and then they're shipped to somebody in Pennsylvania, who then puts them on a different vehicle and ships them to New York. And somebody in New York then repackages them, breaks them down, cuts them, ships them to New England. Would you agree that venue for that conspiracy would be appropriate in Ohio, Pennsylvania, or whatever state it was in New England? Well, assuming the government could prove up the venue, the factual venue portions, sure. But conspiracy in the Europe hypothetical dealt with acts that were committed within the territorial borders of the United States. In this case, we're talking about something that happened on the high seas. And so I submit that, consistent with the traditional Texan history, in particular the Crimes Act of 1790, that the any district provision really should be where my client was first brought. That's not what it says, any district. It's not the same as where the client is first brought. And I guess what I'm getting at is, why does it matter? Alaska would clearly be inappropriate. Then you'd have a serious problem under the process clause. But why couldn't it be either Puerto Rico or St. Thomas, as long as it's within reason and not unduly taxing and not an undue burden on the defendant? Well, I would submit this, Judge McKee. A subjective rule of reason, I don't think, is the applicable or appropriate standard here. I think when we have unbroken history from the Crimes Act of 1790 up until 2017, when any district provision of the MDLA was codified, you have an individual arrested on the high seas. The venue is where he's first brought. And I submit that where he's first brought then allows for a defined, discrete venue and prohibits the government from having my client taken to Wisconsin to be tried or to Idaho or something of that nature. So what authority do you have to suggest that the any venue provision is unconstitutional? I submit that this is an issue of first impression throughout all the circuits. And I would just say that when you take this court's decision, Armeier, and the Supreme Court's decision, Travis, and look at the history that surrounded the venue provisions, in particular, the British Dockyards Act of 1772 and the Administration of Justice Act of 1774. So this is like a Bruin type argument. Exactly, exactly. So you look, I think we all can be in agreement is that the venue was a problem circa 1776. I mean, you had numerous constitutional conventions that complained about that. Again, that went to basically reasonableness and underburdened, the kind of venue that was focused on in 1776. And as you're speaking, Mike, I couldn't help but think, well, what happened based upon your submission? They could have taken him from the high seas where he was seized to Alaska. And then all the proceedings could have occurred in Alaska. Under your argument, you have no problem with that. Even if all of the facts, all of the circumstances pertinent to the prosecution were either in St. Thomas or in Puerto Rico, they can still try him in Alaska. Well, from my discrete argument, that's not to say that I wouldn't have other arguments under a different fact pattern. But, yes, under the arguments that I'm presenting, that I presented below and to this court today, you know, the high seas was when the individual was first brought. But practically speaking, you would have a problem doing that. And, for example, in my other case, the Vasquez-Munoz case, my client was picked up in the Eastern Pacific, brought to Miami, had his Rule 5 hearing, and then proceeded to be transported down to St. Thomas. So I would expect that for the most part you have individuals picked up in the Caribbean. They're probably going to be transported to Miami, perhaps Houston, probably have their Rule 5 hearing, and then transported to Alaska for the subsequent trial. You almost stopped me from saying Puerto Rico. You almost stepped up and said Puerto Rico. Well, I mean, that could happen as well. That could happen as well. But I think that when you look at, you know, the three cases, sorry, the three statutes from England that I cited to in my brief, the response from the colonies that resulted in the dual venue protections, and then this court's decision in Armeyer and the Supreme Court's decision in Travis, you have to look at venues being narrowly construed. I don't believe any district is a narrow construction of venue. And I think when you look at 225 years or so of unbroken history, it shouldn't be that hard for the government to try an individual in the jurisdiction in the district where he is first brought, which I submit was Puerto Rico. That's a pretty big bite you're asking us to take, suggesting that that language is unconstitutional, right? Of course, Judge. I understand your practical view of this, and I anticipate the follow up is going to be constitutional avoidance. And so here's my response to that. I think this court could avoid the any district issue by ordering a record remand and having the district court take evidence as to what exactly happened. Because if my client wasn't brought to Puerto Rico, then there will be no there there and his prosecution in the Virgin Islands would not be a problem. However, if the court were to do that, I believe the court is going to have to address the two issue, which is my third point regarding the subpoenas. In contrast, if the court wanted to avoid the two issue and use constitutional avoidance to not address that, my argument there, then it's going to have to address the any district, but can do one or the other, but it can't do both. On the any district issue, there's a Supreme Court case that I don't believe either side referenced in their briefs Cook versus United States. It's an 1891 Supreme Court case about acts that took place outside of any district at that time. And the court there said, quoting words from Article 3, Section 2, the venue clause of the Constitution, the court said the words the trial shall be at such place or places as the Congress may by law have directed impose no restriction as to the place of trial, except that the trial cannot occur until Congress designates the place and may occur at any place which shall have been designated by Congress previous to the trial. So it appears to squarely address that as long as Congress sets a place before trial, then that is constitutional. So what would your response to that be? I don't believe that any district is setting a place. If any district is setting a place, that's the same thing at every district. What can be tried wherever the United States flag flies? To me, that is no limitation on the Constitution. I think we all can agree the Constitution is a list of enumerated and discrete powers. It's, you know, this is not a state case where states have plenary authority. So I just don't see any district provision as providing any type of limitations on government power. Wouldn't it be up to the Supreme Court to say that? If your argument is correct, we couldn't say that, could we? We'd have to rely upon the Supreme Court to interpret that decision, the Cook decision. Without having read it, and I apologize for not being familiar with it, I think in the abstract, sure. However, I'd be hard pressed to think that current views of constitutional interpretation, text, history, tradition, that that mode of constitutional analysis was used back in 1891. I understand that the language is binding, but I'm not entirely sure that, without having read it, that I would go so far as to say that it's dispositive of the issue today. But what about the language in Article 3, which says the trial of all crimes shall be held in the state where the said crimes shall be committed. When not committed in any state, the trial shall be at a place or places as the Congress by law may have directed. So the any venue is a directive from Congress, right? It is directed by Congress. But I think you have to take that language from Article 3, again, in context of the British Acts from 1774 and the Dockyards Act, the Administration of Justice Act, the points of the Revolution, the fact that venue was in the Declaration of Independence. I just find it hard to believe that the reasons that you have a revolution in 1776, that issue, it becomes of no moment in 1787. We're talking about the same individuals who literally started a war, among other things, over venue complaints, which this Court has recognized or is very important and is placed in two places in the Constitution. And then, again, I would submit that when you look at the Crimes Act of 1790, the Supreme Court says when the first Congress passes laws, that is indicative, if not outright dispositive under the meaning of the Constitution. I think when you take it all in history, and I understand that it's a lot to synthesize. But when you synthesize the history pre-1776, the Revolution, the Constitutional Convention, the Crimes Act of 1790, and then with 225 years of history, I think a reasonable construction is that any provision is unconstitutional and should be where my client was first brought. Go ahead. The actual text of the venue clause is such place or places. And it sounds like you're asking for a specific place, right? So why couldn't places that Congress may by law have directed be any district? It encompasses more than one, right? It's a plural noun. Yes. On a purely semantic level, I can understand that. But I think on a practical level, what you've had is where an individual was first brought, and then subsequent to that in the 1960s, you had the District of D.C. And what I think is understandable, you could have an individual who's indicted, then you have an extradition request. He wasn't first brought, but as a result, you do have an indictment that is outstanding. And that would make sense for the D.C. District to be the appropriate venue, right? So then you would have that discrete place, and then you have where the individual was first brought. That is ascertainable. I just don't think that any district being every district is ascertainable and has any limiting principles. In my conspiracy example, that's exactly the limiting principle is basically a sufficient nexus. As long as the international issue context, sufficient context to context with the forum to justify the exercise of jurisdiction in that location. And why would I'm trying to focus on your focusing on first brought. What if there were a situation, same facts here, except the captain of the boat. I call it a boat. I know it's supposed to be a vessel. I call it a boat. The captain of the boat on which the guy is placed after he's rested on the high seas mistakenly believes that this guy is actually a resident of Alaska. Keep going back to Alaska. So we're going to take this guy to Alaska because that's where he's from. They get to Alaska. They start processing him. Oh, my goodness. He's not from Alaska. For whatever reason, he had fraudulent idea. Whatever. He's really from Puerto Rico. So then they take him to Puerto Rico. You're saying in that context, he has to be tried in Alaska, even though there are no contacts with Alaska whatsoever, just because he was first taken to Alaska. If that hypothetical criminal defendant wanted to be tried in Alaska, I would say yes. I don't think he wanted to be tried there because it's not his option. Well, actually, I think like most constitutional provisions, they are waivable. And so if the criminal defendant, your hypothetical, wanted to be tried in Alaska and waived his right to be tried in Puerto Rico, I don't see a problem with that. Okay, but I'm not hypothetical. Maybe I misstated. I didn't mean to suggest he wanted to be there. The captain of the boat decided this guy's from Alaska, mistakenly decided that. Get him there. Oh, my goodness. He's really from a Caribbean country.  But the tactical decisions that were made by this hypothetical defendant, they can be made and they can be respected. If he decided or she decided that the jury pool in Alaska was more favorable to him and he wanted to be tried in Alaska, why can't he be tried in Alaska? Just like that. What sense does that make? Alaska has no nexus whatsoever, no relationship whatsoever to the underlying criminal conduct. And you can argue that here, neither St. Croix nor Puerto Rico has any real underlying nexus to the criminal conduct either because it was in the high seas. But just as a matter of practical common sense, which sometimes we forget about when we get into legal questions, why would that be appropriate? My short answer is if the individual was OK with being in Alaska, I think that decision should be respected. But to answer your question, as for in this case, my client was picked up not too far from Cabo Rojo, which is on the southwest corner of Puerto Rico. For obvious reasons, I think he was brought to Puerto Rico and I wanted to trial him in Puerto Rico. Your logic, what does the Virgin Islands have to do with that case any more than Alaska? Because in the facts of this case, the closest landmass to where my client was arrested was Puerto Rico. He was about 35 miles off of Cabo Rojo. So I actually think that Puerto Rico is where he should have been tried. Before we see you on rebuttal, do you want to spend a couple of minutes on your 17B argument?  I think and I believe between what the documents in the appendix bear out, I put forth a good faith effort to describe why I needed the record evidence and why I wanted the witnesses to be present at a trial. Well, I'm sorry. But the service, the process. Say again? What about your efforts to serve the 17B subpoenas? So I asked my colleague if he'd be willing to accept service. He declined. And then the trial court concluded that because I didn't try to serve the general counsel, I didn't comply with TUI. But my general take on TUI has been TUI is inapplicable across the board. And I had, I think, a very good faith belief that complying with TUI in one portions waives my TUI argument and at a minimum would moot out my request. If I have to go through TUI and provide all the information that is required under the regulation, to me, you know, that presents a host of constitutional problems. And I shouldn't have to provide that information just to. But you're providing that information to the judge ex parte, not to your opponent. No, but that is not why the trial court denied the issue of the subpoenas. It's because I didn't comply with TUI and I didn't provide service to the DHS general counsel's office. And when I didn't provide service, I didn't provide the information that TUI requires, the nature and the extent of the testimony and why I need it. So I think it's what I did was more than appropriate under the circumstance is if you're going to apply with TUI, apply with it, you know, at all or do it 100 percent or don't comply with it at all because you can't have your cake and eat it too. And I'm pretty sure that the government would argue, you know, if I did that, I'd be too cute by half. So I think I properly raised it. I think it's probably before the court. And I think under this court's decision, Gillette, because the United States is a party to the litigation that TUI doesn't apply at all for all the reasons, in particular, the Supreme Court's Reynolds decision, which also has been interpreted by a couple circuit courts and the district court in Alexander, fully expect and understand that we have a circuit split on the issue. But I think when you synthesize this court's decision in Gillette, along with the Supreme Court's decision in Reynolds, I don't think TUI applies here. And for obvious reasons, if I get an evidentiary hearing, I should be able to issue subpoenas in order to prove up my client's case. It just shouldn't be an empty vessel where the government gets to have its witnesses and I don't get a shot at mine. So with that being said, I'll look forward to talking to you on rebuttal. Thanks. One quick question before I sit down. Your Second Amendment Bruin argument. Do you know of any case that has used a Bruin analysis outside of the Second Amendment context? I think it's Smith. I think the 2023 Supreme Court decision of Smith, you know, talked about the purchasing of the bonds. That's Smith case. No, that was the venue case that talked about why an acquittal for a venue problem, the relief is retrial and double jeopardy does not apply. And I believe Justice Alito wrote the opinion on that and talked about the history of venue and its importance to the founders. Good morning, Mr. Sleeper. Good morning, Your Honors. Acting United States Attorney Adam Sleeper on behalf of the United States. I will address the unconstitutionality issue first. The government, of course, acknowledges that venue was a significant concern at the time of the founding. And at the time of the founding, that was addressed in two ways in the Sixth Amendment and also in Article three. And the plain text of those amendments were clearly delineated to limit the extent of that right. And they made it very clear that that right only applied to in the case of the Sixth Amendment when a crime is committed within a state and district. And in the case of Article two, to where a crime is committed within a state. And if you excuse me, Article three. And as Article three says, if it doesn't fall in there, then it is for Congress to determine. And that is a broad grant of authority to Congress. I'm not aware of history being used to cabin that authority. I know the defendant cites to several cases, Bruin and Hemphill. But Hemphill, I think, illustrates this principle where they say because the text of the Sixth Amendment does not suggest any open ended exceptions from the confrontation requirement to be developed by the courts. The requirement was most naturally read to admit only those exceptions established at the time of the founding. So certainly if there's a blanket prohibition, looking at Bruin, looking at Hemphill, then we look to history to see what that actually protects. You also see this, I think, in separation of powers issues. We're dealing with principles that are not delineated in the text of the Constitution. And similarly, with the Smith case, the Constitution doesn't address what is the remedy when there is a lack of venue found. But here we're dealing with a specific textual carve out from the protection that the founders created. And appellant would like the court to read some additional restriction into that based on just Congress's practice. And I'm not aware of another case where that principle is applied. I don't think any of the cases cited by the defendant stand for that principle. I think we're much more in the type of situation contemplated by Justice Barrett in her concurring opinion in Rahimi where. Founding era legislatures, there's not a use it or lose it approach to legislative power just because the legislature decided to exercise its discretion in one way at one time doesn't mean it doesn't have discretion later to change that approach. I also wanted to point to discuss Orenheimer briefly. That's a case that's being cited by the defendant for the proposition that venue should be read narrowly. Orenheimer was talking about construing statutory provisions in light of the venue provisions. It's not a it's a principle of statutory interpretation. It's not a principle of how to interpret the constitutional venue provisions and here where it says any district there, it just has to be read as any district. There's no way as a matter of statutory interpretation that that can be construed more narrowly under your theory. Then an evidentiary hearing would be for not. Is that right? Wouldn't matter. Yes, your honor for several reasons. Well, there's there's three charges here to our charges. The 3rd is a failure to heave to that was dismissed, right? It was it was your honor. So, it's not we're not we have to worry about jurisdiction or venue or anything else with the count that was dismissed. At this point, after the guilty plea, I don't want to make an argument for my for my co counsel, your honor. Potentially, my co counsel could argue that that changes the circumstances in some way that he would not have pled guilty. I, I'm not sure there would still be no case or controversy, though. I mean, like, if so sure he could, you could go, he could say he wouldn't have pled guilty. But unless he's convicted, what is it that we have standing to review? Well, in the conduct, because this is a conditional plea. If that he might want to argue that if that was reversed, that would be a basis for him to withdraw on from the plea below now, government's not going to concede that that's a meritorious argument. But I think the case law does play out in the circuits that address harmless error that that is the sort of argument a defendant could make. But just to play this out, I mean, he could. If count 1, if the conviction on count 1 were dismissed, you could certainly, you could have a remand to the district court and then the defendant could say, well, I, you know, there could be further proceedings. There could be a revival of counts 2 or 3. There could be other things that would happen. But wouldn't there have to be a conviction on count 2 or 3 in order for us to be able to address any challenges to those counts? Your honor, I would like to have my friend on the other side, make these arguments, but there I think there is some case law out there that some circuits have looked to what are the circumstances that exist at the time they entered into the plea and whether that would have affected things. So, again, the failure to heave to here is not the significant charge. Certainly, if there were an issue there, the government is not conceding that it thinks that the defendant should be allowed to withdraw on that. But I'm not going to say that there is no argument that that could be made. But what I would the other points I would like to make just on the unconstitutionality before I shift over to the evidentiary hearing issue. In the discussion here, the defendant for the 1st time, or the appellant argues for the 1st time that the special venue statute does not satisfy the place or places requirement. That's not really the argument he made below the argument he made below was that. This the only thing that it can be is 1st brought and 1st brought isn't any more definitive about the districts than the any district is because he could be 1st brought to any district. So, the arguments that he's making, I don't think are are entirely compatible. Any sort of argument that any district does not satisfy place or places separate and apart from. Yeah, but that is a very different. That is true. Are you saying that really does not mitigate the force of his argument? I'm not sure I accept his argument, but the fact that Congress could have said that they didn't say that. And so his argument that if he were 1st brought to Puerto Rico, and I know that's not conceded that that's where venue should lie. What you're saying about the fact that Congress could have said that doesn't really mitigate his argument at all. Doesn't doesn't undermine it. I didn't say that. Yes, your honor and I'm just talking about the constitutionality of 70504 B2 right now. I can certainly shift over to the evidentiary hearing issue, which I think is what is the point that the court is raising. It goes back to my 1st question that I asked. Mr. I don't know what an evidentiary hearing. Look like, because if you were to concede, okay, it was 1st part of Puerto Rico. I wasn't that changes the legal analysis at all. It doesn't change your position. It's the same, whether or not it's Congress didn't direct it. He brought to the 1st, he tried in the 1st place that he was brought. That's the argument you can argue gets you there, but article 3 and its text doesn't get you there. It seems to me, and I should ask this and Mr. You don't get into an analysis unless there's an ambiguity and whether or not a particular constitution provision should apply or how it should be applied. There's absolutely no ambiguity whatsoever in the language trial shall trial shall be at such places as Congress may by law have directory. There's no ambiguity there whatsoever. If Congress were direct. Direct that the trial be at some place, which is. Irrational or beyond the jurisdiction of Congress, that's a different question. Had they said, shall be at the nearest foreign territory was based where the defense arrested. That's a whole different question. And then I think you do get into constitutional issues and maybe ruin. But that's not what we have correct. And that's certainly true for counts 1 and 2, those that those any district applies to counts 1 and 2. So, certainly no evidentiary hearing in our view would have any application there. But even if we were talking about. It's the government's position that no evidentiary hearing is available and that's for 2 reasons. The 1st reason is that there just is not an availability of a pretrial evidentiary hearing. I did not find certainly sometimes things happen when no 1 makes a specific objection, but I haven't found any court to have considered the issue and gone the other way. Further, the defendants argument is that there was a lack of venue due to traveling through. Puerto Rican waters, the court found the court being the district court that even if that were true. That does not constitute being brought into the, into the district Puerto Rico. And the defendant doesn't challenge that determination on appeal. That was a determination that was made and unchallenged on appeal. So he's waived any challenge to that legal determination. So, there doesn't appear to even be a dispute. Of fact, or of material fact on this issue, because even if he's right, even if his assertion is accurate. The court found that it did not affect venue and the defendant has waived any challenge to that at this point. The defendant also made a few other arguments that I wanted to briefly address. He, the, he asserted that, like, a motion to suppress this should be able to be addressed pre trial. But the difference is that emotion to suppress is not been litigated at trial. This is a different type of motion, and that's just not how that it's handled. He also argues that not allowing a pre trial motion hearing on venue would read or make a nullity the provision that allows a challenge a pre trial challenge to venue. But the same could be said for emotion to state for failure to state a claim. The government is perfectly permitted. It's perfectly permissible for the government to just allege the elements in the indictment. That doesn't mean that there's nothing to a motion for a failure to state a claim because there are speaking indictments. There are situations where more said, and more can be done. And moreover, if the government were willing to stipulate to the facts, pre trial venue could also be adopted through that. And then the last point I would just make on this hearing is. Essentially, so what this court has said is that if there's a dispute of material fact as to venue, that must go to the jury. So, if there were to be a pre trial hearing on venue, then what the court would be doing is determining whether there was a dispute of material fact. And if there were deciding that that issue goes to the jury, so what we would be doing is having a summary judgment motion hearing. And I think the case law is pretty clear that. There is no summary judgment procedure in the context of criminal practice. And so I think in light of all of that case on everything as well, I just think it's very clear that even if. Everything else, even if he was right on everything, he hadn't waived any arguments. He just cannot obtain a evidentiary hearing on a pre trial evidentiary hearing on venue. Turning to the 2 issue with my remaining time, the government submits that the court should not reach this issue. We cited to a number of of cases, indicating that there you can have harmless error in the context of plea agreements. There were 2 circuits that reached a contrary decision. They are, however, we're not in the situation like we have here where we have a record as to harmlessness here. The defendant, in fact, stipulated and informed the court that this issue would be harmless. And so there, the court doesn't have any concern about guessing as to what a defendant would have intended or not be as the defendant in fact, spoke through his plea agreement with the government. So, for that reason, the government submits that the court should not reach this issue. On the issue of whether to we regulations apply in criminal cases. As a factual matter, the same principles that that apply and that have them apply in civil matters would indicate they apply in criminal matters. There's still the need for the guard for the agencies. I see my time. Thanks for the agencies to make their determination of privilege through their agencies heads. There is a local rule in the district court of the Virgin Islands that applies to regulations and the consensus or numerous. Other federal appellate courts have held that they apply and while the defendant says that there is a circuit split, those were all cases where stick done. It was a case where it was not the government was not a party and they were just saying it applies where the government is not a party. Walk me through this waiver. You're saying that the defendant waived the 2 issue by pleading guilty because this would only apply to a pre trial or a challenge to the indictment type situation. So, in his appellate waiver, it was a conditional plea. So there were carves out carve outs from the appellate waiver. And in his appellate waiver, he agreed that the to the resolution of these 2 emotions and the subpoena motions was harmless and the court should not reach it. And so, our argument is. If we're examining harmless error, we're examining what would have affected a defendant's decision to plead guilty. And here he stipulated that this is the extent of what would have affected his decision to plead guilty. I see I'm well over if the court would like me to keep addressing the 2 way. We're good. Thanks. Thank you. Your honor. Your honors. My understanding of of of opposing counsel's view of venue is that, in essence, it can never be resolved pre trial. I don't think that's that's true. I think that would make the relief under rule 12. And here's what what I anticipate would have happened if I get an evidentiary here. I'm going to assume the government is not going to dispute and that and they don't claim there's a material issue of fact, that's the very GPS coordinates of the Coast Guard cutters. If those GPS coordinates show that that the Coast Guard cutters where my client was was located was in the port of San Juan. I don't think there's going to be material issue of fact, and I don't think that that issue then in turn has to be presented to the jury. I think that a trial court can determine based upon the evidentiary record before it. And under my hypothetical, that's the government's evidence. Right. The evidence that comes from the government, then you can have a pre trial determination on venue. The district court essentially said it doesn't matter if your client was in the port of San Juan unless he was on land. And I think it was relying on the First Circuit saying that being in the territorial waters of Puerto Rico is not enough. You have to be on land. So so why would those facts matter? Well, I think that the Title 33 regulation that I cite to binds the government. It talks about venue for purposes of Title 18. And I submit that based rule of administrative law, the government is bound by his own regulations. So if I don't think it should matter that the Coast Guard cutter is taken this close to the port and my client jumps off, but it doesn't touch the port. I like those nuances, perhaps factual differences. I don't think matter. I think it's very simple. Are you within 12 nautical miles of Puerto Rico or not? If the answer is yes, the GPS coordinates bear that out, then I think the venue should be in in Puerto Rico. And that supports my my argument. So the government. Hold on one second on this point. The government also says that you've waived this this challenge, that legal determination, that being in the territorial waters of Puerto Rico is not sufficient. What's your response to that? I don't think I wait at all. I think the the the briefing below was was extensive. I think I raised it. I articulated it to the district court and stated in the reasons why I wanted the subpoenas in the first place. That is at Appendix 97 around there talks about what my what I what I want and why I want it and what the evidentiary hearing would look like. In particular, that my client was brought into the territorial waters of Puerto Rico, if not in the San Juan Harbor itself, because I find it hard to believe that the is going to go out a couple of nautical miles to pick up 300 kilos of cocaine. I think what most likely happened is the Coast Guard cutter brought 300 plus kilos of cocaine, run the San Juan port docked. And then unloaded the closer 400 kilos of cocaine at the port and gave it to the D.A. I just think that that is probably what happened. But obviously, I don't know that I wasn't there. And that's why we need to have an evidentiary hearing on the issue. So as to my client, I'm sorry. I just want to say, I just want to say my opposing counsel's reference to Justice Barrett's concept of user elusive as to I would say this, that that statement in and of itself. I understand it conceptually, but I think that divorces what the first Congress did with the Crimes Act of 1790. I think if you didn't have anything from just after the founding regarding the any the venue being with a criminal defendant is first brought, my argument would be a lot tougher to make. But given that the first Congress that had many, if not all the members of the Constitutional Convention in it, you know, concluded that act committed on the high seas, that the venues where the defendant is first brought. That that is very good proof of what the Constitution's original meaning was. And then you have the. Is it better proof than the text of the article itself? I would say that the the history and what the first Congress did informs the court today of what the meaning of the Constitution was and what the founders viewed it. And then I then think that when you have 225 years of where individuals first brought that is consistent with the Supreme Court's notation that a an issue of recent vintage with that is unheard of for a couple of centuries. And so I think that the first Congress lends one to question whether that is, in fact, constitutional and whether what was done in 1790 with the first Congress really should be viewed as the appropriate interpretation of the Constitution. Thank you for your time. I asked the court vacate my client's conviction and remand for a minimum and evidentiary hearing where then you can be addressed. Those. Thank you. So, folks, we're going to ask that you submit a 28 day letter in response to Judge Freeman's question about the Cook opinion. We'll dock the order. 14 days work for you, folks. Sure. All right. Thanks.